554 F.2d 710
 SECURITIES AND EXCHANGE COMMISSION, Plaintiff,
C. L. Morris, Inc., Individually and in behalf of all
unsecured creditors of Tipco, Inc., et al., as a
Class, Movant-Appellant,
v.
TIPCO, INC., et al., and Larry Schoenbrun and Richard Hull,
as Receivers of Tipco, Inc., et al., Defendants-Appellees.
 No. 76-4421
 Summary Calendar.*
United States Court of Appeals,
Fifth Circuit.
 June 22, 1977.
 
 Carl A. Generes, Jerry D. Johnson, Dallas, Tex., for movant-appellant.
 David R. Snodgrass, Hubert A. Crouch, Dallas, for defendants-appellees.
 Appeal from the United States District Court for the Northern District of Texas.
 Before THORNBERRY, RONEY and HILL, Circuit Judges.
 PER CURIAM:
 
 
 1
 This case arises from the receivership proceedings against and liquidation of Olympic Petroleum Corp. Appellant Morris was a creditor of Olympic. In this appeal, Morris contests the district court's denial of its motion to intervene for the purpose of challenging the method of distribution of Olympic's assets. Morris filed this motion ten weeks after the date fixed by the court as the "bar date" for challenges to the method of distribution of assets. Though our task has been complicated by the opacity of the court's cryptic denial of the motion, we affirm this decision of the district court as determining within that court's sound discretion that the motion to intervene was not timely filed.
 
 
 2
 In 1974, the SEC filed suit against Tipco, Inc., Olympic Petroleum, and individual defendants, alleging violation of the securities laws by the sale of unregistered securities. As a result of these proceedings, and in connection therewith, Olympic was put into receivership, with the court maintaining control of the assets of Olympic.
 
 
 3
 Morris' claim of $36,431.65 against Olympic was secured by a particular oil and gas lease. There was some indication in the record that the value of this lease was worth approximately $17,656. Morris eventually released its claim on the security for $2,443 in cash. On the basis of these facts, Morris was both a secured and an unsecured (or general) creditor of Olympic, since a creditor's claim is secured only to the extent of the value of the security. Clearly, the value of the claim here exceeded the security in this case.
 
 
 4
 In May, 1976, the court ordered the liquidation of Olympic. The court-appointed receivers sent out notices and proof of claim forms to the creditors of Olympic (including Morris) as well as to the investors. In the notice, the receivers stated:
 
 
 5
 The Receivers anticipate recommending to the Court that all approved unsecured claims of creditors and investors be treated pari passu (i. e., on a pro rata basis). Any party objecting to this position must file an exception with the Court in the manner provided above.
 
 
 6
 This "manner provided above" referred to an order of the court, dated June 8, 1976, which required all claims against Olympic to be submitted by July 30, 1976. The court's order also stated:
 
 
 7
 . . . any party holding any claim or demand filed pursuant hereto may, on or before August 13, 1976, contest any claim or demand by filing with this Court specific exceptions thereto; any exceptions not so filed within such period shall not be considered by this Court. . . .
 
 
 8
 Morris submitted its proof of claim timely. No objections to any claims or to the pari passu treatment were filed before August 13. On October 21, 1976, Morris and the receivers agreed that Morris would release its security for $2,443 in cash, and would assume the status of a general creditor as to the entirety of the claimed debt. On October 26, 1976, Morris filed a motion with the district court, seeking to intervene as a class plaintiff, challenging the plan to distribute Olympic's assets in fulfillment of the claims of creditors and investors in pari passu. The plan, alleged Morris, violates state (Texas) law by failing to accord liquidation preference to the creditors over the investors.
 
 
 9
 The trial court denied Morris' motion to intervene, without stating any specific reason therefor.[1] The underlying filings of the parties, however, indicate that there were two challenges to the motion first, that it was untimely, and second, that Morris had no probability of success on the merits. Since we hold that the first ground is sufficient to support the court's decision we need not consider the second ground.
 
 
 10
 The motion to intervene arose properly under F.R.Civ.P. 24(a)(2), which permits intervention as of right for a person claiming an interest relating to the property in question, and whose interest is otherwise inadequately represented. Application for intervention must, however, be timely made.
 
 
 11
 In general, the test for timeliness is a balancing test, gearing on (1) the length of time during which the applicant knew of his interest in the litigation; (2) possible prejudice occasioned by the delay to other persons involved; and (3) interference with orderly trial processes. McDonald v. E. J. Lavino Co., 430 F.2d 1065 (5 Cir. 1970); Diaz v. Southern Drilling Corp., 427 F.2d 1118 (5 Cir.), cert. denied sub nom. Trefina A. G. v. United States, 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970).
 
 
 12
 Under this test, there was no error in denying Morris' motion to intervene. Morris was a general creditor (at least in part) when it received the notice requiring a filing of proof of claim, and was at the very least charged with knowledge of the August 13 deadline on filing complaints. To have allowed intervention and litigation of the complaint would have delayed distribution of assets to claimants for several months, thereby depriving them of the use of the funds to which they had been adjudged entitled. The delay in moving also could be said to have prejudiced the existing parties to the case by permitting full-blown development of the plan of distribution after all claims had been submitted and no objections filed prior to August 13.
 
 
 13
 The question is one of the trial court's discretion. There has been no abuse of discretion here and, therefore, the district court's order is
 
 
 14
 AFFIRMED.
 
 
 
 *
 Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I
 
 
 [1]
 At the same time, the court approved the receivers' proposal to treat creditors' and investors' claims in pari passu